**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **INMER WALDEMAR ROMERO MORALES,**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, JOHN E. RIFE, MARKWAYNE MULLIN, TODD BLANCHE,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br>**NO. 26-8223** |

**O R D E R**[1]

**AND NOW**, this 3rd day of November, 2026, upon consideration of the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") (ECF No. 1), Respondents' response thereto[2] (ECF No. 3), and Petitioner's Traverse (ECF No. 4), it is hereby **ORDERED** as follows:

1. The Petition is **GRANTED**.[3] The Government shall **RELEASE** Petitioner from custody immediately and file an entry on the docket certifying compliance with this Order **no later than 5:00 p.m. on November 5, 2026.**

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Respondents' response indicates that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) rather than § 1226(a). (*See* ECF No. 3 at 1.) However, as Respondents note, the U.S. Court of Appeals for the Third Circuit ruled on whether 8 U.S.C. § 1225(b)(2)(A) permits detention, without a bond hearing, of a noncitizen already in the United States who had previously entered without inspection. *See Buele Morocho v. Warden Phila. FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). It does not. *Id.* at *5–7 (holding that § 1225(b)(2)(A) applies only to "noncitizens at the border," not to noncitizens already residing in the United States). Indeed, Respondents admit that the Third Circuit, in *Buele Morocho*, "concluded that noncitizens in the interior may not be detained without a bond determination." (ECF No. 3 at 2.)

[3] A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar cases. *See Rodriguez Pereira v. O'Neill*, No. 25-

2. Immediately upon Petitioner's release, Respondents shall return to Petitioner all personal property, including identification and other documents, confiscated upon or during his detention.

3. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

4. The Government is temporarily enjoined from re-detaining Petitioner until **November 13, 2026**.

---

cv-06543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-07199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

Petitioner, a native of Guatemala, entered the United States as a minor in 2015. (ECF No. 1 ¶¶ 1, 2.) After entering the United States, Petitioner was released into the custody of his guardian, and he now resides in Hatboro, Pennsylvania. (*Id.* ¶¶ 2, 9.) He has lived continuously in the United States for eleven years. (*Id.* ¶ 33.) Petitioner has no criminal record. (*Id.* ¶ 6.) He has attended each scheduled immigration hearing and check-in appointment, and his removal proceedings were administratively closed in August 2023. (*Id.* ¶¶ 3–4, 37.) Petitioner is also married to a U.S. citizen, has an approved Form I-130 Petition based on his marriage, and has a pending Form I-601A seeking to waive his unlawful presence. (*Id.*¶¶ 5, 37.) On October 27, 2026, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner at a traffic stop. (*Id.* ¶ 7; ECF No. 3 at 2.) Officers presented Petitioner with a warrant signed and dated October 19, 2026 (*see* ECF No. 1-6; ECF No. 3-3 at 1), but did not issue a Notice to Appear until October 27, 2026. (ECF No. 3-4; *see also* ECF No. 3 at 2.) Petitioner states that, even though he was presented with a Form I-200 Warrant, "he was given no reason to explain why he was detained . . . ." (ECF No. 1 ¶ 7.) Petitioner is currently detained at the Philadelphia Federal Detention Center. (*Id.* ¶ 8.)

Respondents contend that Petitioner is "an arriving alien" subject to mandatory detention under § 1225(b)(2). However, as Respondents concede, "[t]his case is not distinguishable from" from other cases in this District "addressing mandatory detention under § 1225(b)(2)" and granting habeas petitions for noncitizens detained under that provision following the Third Circuit's decision in *Buele Morocho*. (ECF No. 3 at 2–3.) Respondents present no substantive argument as to how Petitioner is an "arriving alien" beyond the same argument previously offered prior to *Buele Morocho*—an argument that this Court has consistently rejected. *See, e.g.*, *A.J.V.L. v. Jamison*, No. 26-cv-4669, 2026 WL 1998866 (E.D. Pa. July 9, 2026); *Barrientos-Vanegas v. Jamison*, No. 26-cv-4146, 2026 WL 1816213 (E.D. Pa. June 23, 2026). For the reasons this Court has articulated on numerous occasions, as well as the reasoning announced by the Third Circuit in *Buele Morocho*, 2026 WL 2546223, the Court again rejects Respondents' position, grants the Petition, and orders Petitioner's immediate release.

Because Respondents unequivocally indicate that Petitioner is detained under § 1225(b)(2) and, thus, recognize that Petitioner was detained in violation of the INA after *Buele Morocho*, 2026 WL 2546223, the Court does not reach the question of the lawfulness of Petitioner's purported detention under § 1226(a).

5. If the Government decides to pursue re-detention of Petitioner after November 13, 2026, it must provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

6. The Government may not remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines at the bond hearing that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances so require.

7. The Clerk of Court shall **MARK** this case as **CLOSED**.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**